

U.S. Government of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street*  (973) 297-2020
*Newark, New Jersey 07102*

February 18, 2021

William Purpura, Esq.
8 East Mulberry Street           Cr. 21-527 (ES)
Baltimore, Maryland 21202

Re: Plea Agreement with Azhar Rana

Dear Mr. Purpura:

This letter sets forth the plea agreement between your client, Azhar Rana, and the United States Attorney for the District of New Jersey ("the Government"). The Government's offer to enter into this plea agreement will expire on March 5, 2021, if a signed copy is not received by the Government on or before that date.

Charge

Conditioned on the understandings specified below, the Government will accept a guilty plea from Azhar Rana to a two-count Information, which charges him in Count One with bank fraud in violation of 18 U.S.C. § 1344, and in Count Two with money laundering in violation of 18 U.S.C. § 1957. If Azhar Rana enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against Azhar Rana for his scheme to fraudulently obtain government stimulus loans meant for small businesses occurring in or around April 2020.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Azhar Rana agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Azhar Rana may be commenced against him, notwithstanding the expiration of the limitations period after Azhar Rana signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1344 to which Azhar Rana agrees to plead guilty in Count One carries a statutory maximum penalty of 30 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $1 million, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 1957 to which Azhar Rana agrees to plead guilty in Count Two carries a statutory maximum penalty of 10 years' imprisonment and a statutory maximum fine equal to the greater of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Azhar Rana is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Azhar Rana ultimately will receive.

Further, in addition to imposing any other penalty on Azhar Rana, the sentencing judge: (1) will order Azhar Rana to pay an assessment of $100 per Count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Azhar Rana to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 982(d) and 21 U.S.C. § 853; and (4) pursuant to 18 U.S.C. § 3583, may require Azhar Rana to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Azhar Rana be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Azhar Rana may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without

- 2 -

credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of the Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government reserves its right to take any position with respect to the appropriate sentence to be imposed on Azhar Rana by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Government may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Azhar Rana's activities and relevant conduct with respect to this case.

## Stipulations

The Government and Azhar Rana agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Government shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Government or Azhar Rana from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Government and Azhar Rana waive certain rights to file an appeal, collateral attack, writ, or motion after

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 3 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, and (1) pursuant to 18 U.S.C. § 982(a)(2), Azhar Rana agrees to forfeit to the United States all of his right, title, and interest in all property, real or personal, that constitutes or is derived from proceeds traceable to the bank fraud charged in Count One of the Information, and (2) pursuant to 18 U.S.C. § 982(a)(1), Azhar Rana agrees to forfeit to the United States, any and all property involved in, or traceable to, the money laundering offense charged in Count Two of the Information. Azhar Rana further agrees that the aggregate value of such property was $5,677,473; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Forfeiture Amount"), in an amount not to exceed $5,677,473 (the "Money Judgment"). The defendant consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Defendant further agrees to forfeit all of his right, title, and interest in the property on the attached Schedule B, and which Defendant admits have the requisite nexus to the offenses charged in Counts One and Two of the Information and therefore are forfeitable to the United States of America pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2) (the "Specific Property"). The Defendant agrees that the Specific Property is subject to forfeiture as property, real or personal, that constitutes or is derived, directly and indirectly, from

- 4 -

proceeds trace[...] to the commission of the offenses in violation of 18 U.S.C. § 1344, and pro[...] involved in, or traceable to, the money laundering offense charged in Co[...] Two of the Information. Any forfeited money and the net proceeds from [...] sale of the Specific Property will be applied to the Money Judgment, in [...] satisfaction thereof.

De[...]ndant further consents to the administrative and/or civil judicial forfeit[...] the Specific Property pursuant to 18 U.S.C. § 981(a)(1)(C). Defendant her[...] consents to the entry of Preliminary Orders of Forfeiture and Interlocutory O[...] of Sale as to the Specific Property pursuant to Rule 32.2(b) of the F[...]deral Rules of Criminal Procedure as the United States Attorney's Offic[...] request. Defendant agrees to execute a Preliminary Order of Forf[...] and an Interlocutory Order of Sale as to the Specific Property by t[...] plea hearing in this case. Defendant agrees that he will not file a [...]tition for remission or mitigation in any forfeiture proceeding in[...] the Specific Property and will not cause or assist anyone else in doing [...] To the extent Defendant has filed a claim or petition in any administrativ[...] civil judicial forfeiture proceeding involving the Specific Property, such [...] claims or petitions are hereby deemed withdrawn. Defendant further agree[...] take all necessary steps to pass clear title to the Specific Property to t[...] United States, including, but not limited to, the surrender of such propert[...] to the United States Marshals Service and the execution of all necessary do[...]mentation.

Az[...] also waives the requirements of Rules 32.2 and 43(a) of the Federal Rules [...] of Procedure regarding notice of the forfeiture in the charging inst[...] announcement of the forfeiture at sentencing, and incorporation [...] of it are in the judgment. The defendant understands that criminal [...] is part of the sentence that may be imposed in this case and waives a[...] by the court to advise him of this pursuant to Rule 11(b)(1)(J) of [...] Rules of Criminal Procedure at the guilty plea proceeding. [...]dant waives any and all constitutional, statutory, and other challen[...] forfeiture on any and all grounds, including that the forfeiture co[...] an excessive fine or punishment under the Eighth Amendment. [...] understood that any forfeiture of the defendant's assets shall [...] as satisfaction of any fine, restitution, cost of imprisonmen[...] or penalty the Court may impose upon him in addition to for[...]

[...] further agrees that not later than the date he enters his plea of g[...] provide a complete and accurate Financial Disclosure Statement o[...] provided by the Government. If Azhar Rana fails to provide a co[...] accurate Financial Disclosure Statement by the date he enters his pl[...] or if the Government determines that Azhar Rana has

- 5 -

intentionally failed to disclose assets on his Financial Disclosure Statement, Azhar Rana agrees that that failure constitutes a material breach of this agreement, and the Government reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Immigration Consequences

Azhar Rana understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Azhar Rana understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Azhar Rana wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Azhar Rana understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Azhar Rana waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Government of Justice Criminal Division, Fraud Section, and cannot bind other federal, state, or local authorities. However, the Government will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Azhar Rana. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Azhar Rana.

No provision of this agreement shall preclude Azhar Rana from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Azhar Rana received constitutionally ineffective assistance of counsel.

**No Other Promises**

The agreement constitutes the plea agreement between Azhar Rana and the Government and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Rachael A. Honig
Acting United States Attorney

By: ANDREW MACURDY
Assistant U.S. Attorney

APPROVED:

COURTNEY A. HOWARD
Chief, Economic Crimes Unit
U.S. Attorney's Office for the District of New Jersey

- 7 -

I have received this letter from my attorney, William Purpura, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 03-14-2021
Azhar Rana


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 03-14-2021
William Purpura, Esq.

## Plea Agreement With Azhar Rana

## Schedule A

1. The Government and Azhar Rana recognize that the United States Sentencing Guidelines are not binding upon the Court. The Government and Azhar Rana nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Azhar Rana within the Guidelines range that results from the total Guidelines offense level set forth below. The Government and Azhar Rana further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

### Count One
(Bank Fraud)

3. The applicable guideline regarding Count One is U.S.S.G. § 2B1.1(a)(1), which specifies a Base Offense Level of 7.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies because Azhar Rana executed a bank fraud scheme in which the intended loss amount was at least $3.5 million. This Specific Offense Characteristic results in an increase of 18 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(17)(A) applies because Azhar Rana received more than $1,000,000 in gross receipts from one or more financial institutions as a result of his bank fraud. This Specific Offense Characteristic results in an increase of 2 levels.

6. The total offense level for Count One is 27.

### Count Two
(Money Laundering)

7. The applicable guideline regarding Count Two is U.S.S.G. § 2S1.1(a)(1), which specifies a base offense level of 27, based on the offense level for the underlying bank fraud.

8. Specific Offense Characteristic U.S.S.G. § 2S1.1(b)(2)(A) applies because the defendant was convicted under 18 U.S.C. § 1957. This Specific Offense Characteristic results in an increase of 1 level.

- 9 -

9. The offense level for Count Two is 28.

### Grouping

10. ... to U.S.S.G. § 3D1.2(b), Counts One and Two group.

11. The ... offense level, after grouping, is 28.

### Acceptance of Responsibility

12. As of the date of this letter, Azhar Rana has clearly demonstrated a recognition and affirmative acceptance of personal responsibility ... the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

13. ... the date of this letter, Azhar Rana has assisted authorities in the ... investigation or prosecution of his own misconduct by timely notifying authorities ... intention to enter a plea of guilty, thereby permitting the Government ... preparing for trial and permitting the Government and the court to allocate ... resources efficiently. At sentencing, the Government will move for a further 1-point reduction in Azhar Rana's offense level pursuant to U.S.S.G. § ... if the following conditions are met: (a) Azhar Rana enters a plea pursuant to this agreement, (b) the Government in its discretion determines that Azhar Rana's acceptance of responsibility has continued through the ... of sentencing and Azhar Rana therefore qualifies for a 2-point reduction for ... responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Azhar Rana's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. ... In accordance with the above, the parties agree that the total Guidelines offense level applicable to Azhar Rana is 25 (the "agreed total Guidelines offense level").

... The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 25 is reasonable.

... Azhar Rana knows that he has and, except as noted below in this paragraph, ... waives, the right to file any appeal, any collateral attack, or any other ... motion, including but not limited to an appeal under 18 U.S.C. § ... 2 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or

- 10 -

below the Guidelines range that results from the agreed total Guidelines offense level of 25. The Government will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

## Schedule B

An account at Wells Fargo ending in 5779 in the name Azhar Rana;

An account at Wells Fargo ending in 8184 in the name Azhar Rana;

An account at ending in 9370 in the name of Meal to Live LLC;

An account at ending in 8857 in the name of Manhattan Realty LLC;

An account at ending in 7502 in the name of Azhar Sarwar Rana LLC;

A brokerage account at TD Ameritrade ending in 8065 in the name of Azhar Sarwar Rana;

A brokerage account at TD Ameritrade ending in 8062 in the name of Azhar Sarwar Rana