2020R00889/JSK/SD/jw

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas, U.S.D.J. |
| v. | : | Crim. No. 21-527 |
| AZHAR RANA, | : | SECOND CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |
| | : | |

On July 1, 2021, defendant Azhar Rana (the "defendant") pleaded guilty, pursuant to a plea agreement with the United States, to a two-count Information (the "Information") charging him with bank fraud, in violation of 18 U.S.C. § 1344 (Count One) and money laundering, in violation of 18 U.S.C. § 1957 (Count Two). In the plea agreement, the defendant agreed to forfeit (i) pursuant to 18 U.S.C. § 982(a)(2), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the bank fraud offense charged in Count One of the Information; and (ii) pursuant to 18 U.S.C. § 982(a)(1), any and all property involved in, or traceable to, the money laundering offense charged in Count Two of the Information. The defendant further agreed that aggregate value of such property was $5,677,473.00.

In the plea agreement, the defendant further acknowledged that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United

States to forfeit substitute assets of the defendant in an amount not to exceed $5,677,473.00.

On September 7, 2021, the Court entered a Consent Judgment And Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture as to Specific Property (Final as to the Defendant) entering a money judgment in the amount of $5,677,473.00 (the "Money Judgment").

The defendant now additionally agrees to forfeit all of the defendant's right, title, and interest in the specific properties listed in Schedule A hereto (the "Specific Property"), which the defendant admits have the requisite nexus to the offenses charged in Counts One and Two of the Information and therefore are forfeitable to the United States of America pursuant to 18 U.S.C. §§ 982(a)(1) and 982(a)(2), with any forfeited money and the net proceeds derived from the sale of forfeited specific property to be applied to the Money Judgment, in partial satisfaction thereof.

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 982(b)(1)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property; and

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of the bank fraud offense charged in Count One of the Information and the money laundering offense charged in Count Two of the Information, pursuant to 18 U.S.C. §§ 982(a)(1) and (a)(2), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the specific property set forth in Schedule A hereto (the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

2.      Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of defendant, and shall be included in the judgment of conviction therewith.

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6.      Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the

petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

8. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

9. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

10. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 9th day of November, 2021.

_____
HON. ESTHER SALAS, U.S.D.J.

The undersigned hereby consent to
the entry and form of this Order:

RACHAEL A. HONIG
Acting United States Attorney

By: *(signature)*            Dated: 11/3/21
JENNIFER S. KOZAR
Assistant United States Attorney

*(signature)*            Dated: 11/3/21
WILLIAM PURPURA, ESQ.
Attorney for Defendant Azhar Rana

*(signature)*            Dated: 11/3/21
AZHAR RANA, Defendant

The undersigned hereby consent to
the entry and form of this Order:

RACHAEL A. HONIG
Acting United States Attorney

By: JENNIFER S. KOZAR    Dated: 11/3/21
Assistant United States Attorney

WILLIAM PURPURA, ESQ.    Dated: 11/3/21
Attorney for Defendant Azhar Rana

AZHAR RANA, Defendant    Dated: 11/3/21

## Schedule A

a. An account at Discover Bank ending in 1704 in the name of Azhar Sarwar Rana; and

b. An account at Discover Bank ending in 2100 in the name of Azhar Sarwar Rana.